IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACQUAR STOKES,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-0636 |
| | : | |
| **SGT. KEVIN UMBACH,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**SURRICK, J.**                                                                                           **FEBRUARY 13, 2025**

Currently before the Court is a Complaint filed by Plaintiff Jacquar Stokes pursuant to 42 U.S.C. § 1983 based on allegations that two Officers of the New Jersey Department of Corrections—Sgt. Kevin Umbach and Officer Eric Milstein—falsely imprisoned him and subjected him to excessive force. Stokes seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Stokes leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.   FACTUAL ALLEGATIONS[1]

Stokes alleges that the events giving rise to his claims occurred on May 27, 2021. (Compl. at 4, 6.) On that date, Defendants Milstein and Umbach "abducted" Stokes from the Curran-Fromhold Correctional Facility in Philadelphia and took him to the New Jersey State Prison in Trenton, where he remained in custody until July 2023. (*Id.* at 4-5.) Stokes alleges that the Defendants did not have a "warrant from the governor" to authorize his transfer and that they

---

[1] The factual allegations are taken from the Complaint (ECF No. 2) and assumed to be true for purposes of this Memorandum. The Court also takes judicial notice of relevant public court dockets for purposes of reviewing Stokes's Complaint. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

"assaulted" him when he asked to see one. (*Id.*) He further alleges that his maximum sentence expired on June 9, 2018—almost three years prior to his interaction with the Defendants—and that he "was convicted of nothing." (*Id.* at 4-6.) Based on these events, Stokes seeks $3 million for violation of his constitutional rights. (*Id.* at 7.)

Notably, Stokes filed essentially the same lawsuit in January 2023, in which he raised claims against Milstein and Umbach for transporting him to the New Jersey State Prison without a warrant and assaulting him in the process. *See Stokes v. Milstein*, Civ. A. No. 23-306 (E.D. Pa.). Upon the Defendants' motion, the case was transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). *Id.* (ECF No. 15). When the case was received in New Jersey, an administrative notice was mailed to Stokes and later returned as undeliverable; it appears Stokes was released and failed to update his address with the court. *Stokes v. Milstein*, Civ. A. No. 23-3989 (D.N.J.) (ECF Nos. 17 & 18). Several months later, the New Jersey court administratively terminated the case pursuant to a local rule without prejudice to Stokes reinstating the case by notifying the Court of his current address within thirty days. *Id.* (ECF No. 20). Although the order administratively terminating the case informed Stokes that failure to comply could result in dismissal of his case for lack of prosecution, *id.*, the docket reflects that the case was never dismissed.

## II.   STANDARD OF REVIEW

The Court grants Stokes leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss a complaint based on an affirmative defense, such as the statute of limitations "when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

As Stokes is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

## III.  DISCUSSION

A plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time . . . and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*). Since "administrative closings are not final orders," *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 247 (3d Cir. 2013); *see also Finkbeiner v.*

3

*Geisinger Clinic*, No. 22-2714, 2023 WL 6057495, at *2 n.10 (3d Cir. Sept. 18, 2023) (citing *Freeman*), it appears Stokes's prior case remains pending in New Jersey because it was never finally dismissed. Accordingly, if Stokes seeks to pursue his claims, he must do so in his previously filed case, *see Stokes*, Civ. A. No. 23-3989 (D.N.J).

Stokes may not pursue his claims in the instant case because they are now time barred. Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

Stokes's claims accrued on May 27, 2021, because that is when the Defendants allegedly subjected Stokes to false imprisonment by taking him to the New Jersey State Prison without any legal basis and assaulted him. *See e.g.*, *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. Cty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."). Accordingly, Stokes was required to bring his claims by May 27, 2023. Since this case was filed more than a year-and-a-half after the statute of limitations expired, it is clearly time barred. It is also apparent that tolling does not save Stokes's claims because his prior lawsuit reflects that he

was capable of pursing his claims within the applicable limitations period. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425-26 (2d Cir. 2008) (courts may take judicial notice of prior lawsuits for purposes of assessing whether a case is time barred); *see also Washington v. Philadelphia Police Dep't, Homicide Unit, Sup'rs Auth. Officials*, 531 F. App'x 204, 205 (3d Cir. 2013) (*per curiam*) (affirming dismissal of claims as time barred under § 1915 where district court concluded that plaintiff was not entitled to tolling because "he had filed habeas petitions in 2007 and 2009, asserting similar claims").

### IV.     CONCLUSION

For the foregoing reasons, the Court will grant Stokes leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to him proceeding in his previously filed case, which is pending in the District of New Jersey. Stokes will not be given leave to amend in this action because amendment would be futile. An Order follows, which shall be docketed separately. *See* Fed. R. Civ. P. 58.

**BY THE COURT:**

s/ *R. Barclay Surrick*

_____
**R. BARCLAY SURRICK, J.**